[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16755
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-61149-DPG

MARTIN DIEZ,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 29, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Martin Diez appeals the district court's denial of his 28 U.S.C. § 2254

petition for a writ of habeas corpus.  We granted Diez a certificate of appealability

on two issues: (1) whether trial counsel was ineffective for failing to obtain Venezuelan custody documents for use at trial; and (2) whether the State committed a *Brady*[1] violation by withholding the Venezuelan custody documents from Diez.  After careful consideration of the parties' briefs and the record, we affirm.

## I.

In June 2004, Diez met with Edgar and Alicia Lopez to discuss their desire to bring their granddaughter, Elizabeth, back to Venezuela from the United States. The Lopezes told Diez that: (1) they had raised Elizabeth from her birth in Venezuela in 1999 until 2003, when they returned her to her mother, Eunice, in the United States; (2) they were concerned for Elizabeth's safety; (3) they had legal custody of Elizabeth; and (4) all legal means of retrieving Elizabeth had failed, including contacting the Venezuelan consulate, the Florida Department of Children and Families, and the local police.  Diez claims the Lopezes showed him Venezuelan custody documents indicating that they had lawful custody of Elizabeth.  The Lopezes asked Diez if he could find someone with authority to "go to Eunice's apartment and scare her into returning Elizabeth."

Diez took matters into his own hands.  He went to Eunice's apartment dressed as a police officer.  He presented a fake search warrant, forcefully entered

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963)

the apartment, and led Eunice—at gunpoint—from room to room looking for Elizabeth's passport.  Diez searched Eunice's bag, removing her driver's license and cell phone.  He told her not to call the police and threatened to shoot her if she moved.  He then took Elizabeth to the Lopezes' apartment.  The next day, he surrendered himself to the Federal Bureau of Investigation.

Diez was found guilty of armed kidnapping of a child under the age of thirteen years with intent to commit interference with child custody (Count 1), armed kidnapping with intent to commit interference with child custody (Count 2), armed burglary (Count 3), and interfering with child custody (Count 5).  He was sentenced to three concurrent terms of 20 years for Counts 1–3 and was sentenced to a concurrent term of four years for Count 5.

## II.

We review de novo a district court's denial of a § 2254 habeas corpus petition.  *Bester v. Warden*, 836 F.3d 1331, 1336 (11th Cir. 2016).  If a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the decision of the state court (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Under the "unreasonable application" prong, relief is appropriate only if the state court's

3

application of clearly established federal law is "objectively unreasonable," not simply incorrect.  *Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 1850 (2002).

To establish an ineffective-assistance claim, Diez must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense."  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  If he makes an insufficient showing on either prong, we need not address the other prong.  *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

For counsel's performance to be deficient, it must fall "below an objective standard of reasonableness."  *Harrington v. Richter*, 562 U.S. 86, 104, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064).  It is presumed that counsel's conduct fell within the range of reasonable professional assistance.  *Johnson v. Sec'y, Dep't of Corrs.*, 643 F.3d 907, 928 (11th Cir. 2011).  To overcome that presumption, Diez "must show that no competent counsel would have taken the action that his counsel did take."  *Id.* (internal quotation marks omitted).

To establish prejudice, "a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  *Harrington*, 562 U.S. at 104,

4

131 S. Ct. at 787 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. 2052). The likelihood of a different outcome must be substantial, not just conceivable. *See id.*

When the standards created by *Strickland* and § 2254(d) apply in tandem, our review is doubly deferential as to the performance prong. *Id.* at 105, 131 S. Ct. 787. "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Because of this double deference, "it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." *Evans v. Sec'y, Florida Dep't of Corrs.*, 699 F.3d 1249, 1268 (11th Cir. 2012) (internal quotations omitted). The Florida appellate court denied Diez's claims without explanation. Because we interpret that decision as a denial on the merits, it is entitled to deference under § 2254(d). *See Wright v. Sec'y for Dep't of Corrs.*, 278 F.3d 1245, 1254 (11th Cir. 2002) (concluding that a state court's summary denial of a claim is considered an adjudication on the merits for purposes of § 2254(d)(1)). Thus, Diez must show that there was no reasonable basis for the state court's denial of relief. *See Harrington*, 562 U.S. at 102, 131 S. Ct. at 786.

## III.

Diez first alleges that trial counsel was ineffective for failing to acquire a copy of the Venezuelan custody documents, which could have shown that he had a good-faith belief that he was returning the child to her legal custodians, rather than

interfering with child custody.[2]  He argues that because Counts 1, 2, 3, and 5 all included intent to commit interference with child custody as an element of the offense, the custody documents could have been used to negate the required intent for those offenses.[3]

Even if his counsel was ineffective, Diez cannot show prejudice.  Although the documents could have supported his testimony that he believed the Lopezes were Elizabeth's custodians, there was still a significant amount of evidence the jury could have used to find intent to interfere with child custody.  Diez knew several crucial facts: the Lopezes left Elizabeth in the care of her biological mother, Eunice; all *legal* means of getting Elizabeth back had been exhausted; authorities representing both Venezuela and Florida refused to act on the Lopezes' claims; and the Lopezes asked Diez to "scare" Eunice into giving Elizabeth back. Clearly, even with the custody document, a jury could have been convinced that Diez's decision to "spook" Eunice into giving up custody showed the requisite intent.  The likelihood of a different outcome is not substantial.  Accordingly, Diez has failed to overcome the deference afforded to state court decisions.[4]

---

[2] Interference with child custody occurs when someone "without lawful authority, *knowingly* or *recklessly* takes or entices . . . any minor . . . from the custody of the minor's . . . parent, his or her guardian . . . or any other lawful custodian commits the offense of interference with custody and commits a felony of the third degree . . . ."  Fla. Sta. § 787.03(1) (2004) (emphasis added).

[3] Count 3, Diez's armed burglary charge, included "the intent to commit the offense of Kidnapping and/or Interference with Custody" as an element of the offense.

[4] For the same reasons, the district court did not abuse its discretion in denying Diez's request for

6

## IV.

Diez also alleges that the State committed a *Brady* violation by withholding the Venezuelan custody documents from him.  A *Brady* claim has three parts: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the State, either willfully or inadvertently; and (3) the defendant incurred prejudice.  *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S. Ct. 1936, 1948 (1999).  The prejudice prong is met when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *Kyles v. Whitley*, 514 U.S. 419, 433, 115 S. Ct. 1555, 1565 (1995).  The crucial question on that point is "whether the government's evidentiary suppressions, viewed cumulatively, undermine confidence in the guilty verdict."  *Allen v. Sec'y, Fla. Dep't of Corrs.*, 611 F.3d 740, 746 (11th Cir. 2010).  The prejudice showing for a *Strickland* claim is the same as required for a *Brady* claim.  *Brown v. Head*, 272 F.3d 1308, 1316 (11th Cir. 2001).

Here, as previously discussed, Diez cannot demonstrate prejudice.  Even if the State possessed the documents and had disclosed them, the jury would still have convicted him of the four crimes that it did.  Because the prejudice analysis is

an evidentiary hearing on this claim.  Diez cannot show that failure to obtain the documents prejudiced him, and thus any evidence to explain counsel's efforts to obtain them would not have assisted the resolution of his claim.  *Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002).

7

the same for *Brady* as it is for *Strickland*, Diez cannot show a *Brady* violation even if he proved that the state knowingly withheld the documents from him.  Thus, Diez is not entitled to relief or an evidentiary hearing on his *Brady* claim.  Accordingly, we affirm.

**AFFIRMED.**